17-3296
Yokoyama v. Barr

BIA
Mulligan, IJ
A088 445 387

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT=S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10ᵗʰ day of December, two thousand nineteen.

PRESENT:
      PIERRE N. LEVAL,
      RAYMOND J. LOHIER, JR.,
      RICHARD J. SULLIVAN,
        *Circuit Judges.*

───────────────────────────────────

MICHI YOKOYAMA,
     *Petitioner*,

     v.              17-3296
                    NAC

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
     *Respondent*.

───────────────────────────────────

FOR PETITIONER:     Matthew L. Guadagno, New York, NY.

FOR RESPONDENT:     Joseph H. Hunt, Assistant Attorney General; Keith I. McManus, Assistant Director; Claire L. Workman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Michi Yokoyama, a native and citizen of Japan, seeks review of a September 15, 2017, decision of the BIA reversing a June 7, 2016 decision of an Immigration Judge ("IJ") granting Yokoyama's application for asylum. *In re Michi Yokoyama,* No. A 088 445 387 (B.I.A. Sept. 15, 2017), *rev'g* No. A 088 445 387 (Immig. Ct. N.Y. City June 7, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's factual findings for substantial evidence and its legal conclusions, including "whether a group constitutes a 'particular social group' under the [Immigration and Nationality Act]," de novo. *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014); *see also* 8 U.S.C. § 1252(b)(4)(B). Because the BIA reversed the IJ's decision, we review the BIA's decision as the final agency decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).

2

Yokoyama asserted, and the IJ agreed, that she would be persecuted on account of her membership in the social group of "women accused of crimes in Japan."

We conclude that the BIA did not err in rejecting Yokoyama's initial argument that the Department of Homeland Security ("DHS") waived any challenge to the social group determination. Yokoyama cites no authority in support of her argument that DHS was required to reargue this issue on remand to the IJ. Indeed, there was no need for DHS to address the issue because the BIA remanded on the separate issue of whether she would be subject to disproportionate treatment if convicted. Accordingly, the BIA did not err in addressing whether Yokoyama's proposed social group was cognizable.

For asylum and withholding of removal, an "applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for" the claimed persecution. 8 U.S.C. §§ 1158(b)(1)(B)(i) (asylum), 1231(b)(3)(A) (withholding); *Matter of C-T-L*, 25 I. & N. Dec. 341, 346 (B.I.A. 2010) (holding that the "one central

3

reason" standard also applies to withholding of removal). To constitute a particular social group, a group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014). "[A] particular social group cannot be defined exclusively by the claimed persecution[;] . . . it must be recognizable as a discrete group by others in the society, and . . . it must have well-defined boundaries." *Id.* at 232 (quotation marks omitted); *see Paloka*, 762 F.3d at 195-96 (deferring to BIA's interpretation of social group).

The BIA did not err in determining that Yokoyama failed to demonstrate that her proposed social group of "women who are accused of crimes in Japan" is socially distinct. "To be socially distinct, a group . . . must be perceived as a group by society." *Matter of M-E-V-G-*, 26 I. & N. Dec. at 240. "Evidence such as country conditions reports, expert witness testimony, and press accounts of discriminatory laws and policies, historical animosities, and the like may establish that a group exists and is perceived as 'distinct'

or 'other' in a particular society." *Id.* at 244. The IJ determined that Yokoyama's group was socially distinct based entirely on Yokoyama's testimony that as a child, she was taught about how poorly individuals who have been convicted of crimes are treated." As the BIA noted, however, Yokoyama's testimony supports the conclusion that people convicted of crimes may be recognized as a group, not that women accused of crimes or female detainees are perceived as a distinct group by Japanese society. The record does not otherwise support Yokoyama's claim that Japanese society recognizes women accused of crimes as a distinct group.

Because Yokoyama failed to demonstrate that "women who are accused of crimes in Japan" is a socially distinct group within Japanese society, Yokoyama failed to establish that she faces harm on account of her membership in a cognizable social group. *See Matter of W-G-R-*, 26 I. & N. Dec. 208, 218 (B.I.A. 2014). For that reason, she did not state a claim for asylum and withholding of removal. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A).

5

For the foregoing reasons, the petition for review is DENIED. All pending motions are DENIED and stays are VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court